

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| R. MICHAEL PRICE,<br><br>        Plaintiff,<br><br>v.<br><br>US BANK, N.A.,<br><br>        Defendant. | Cause No. CV-17-36-BLG-SPW<br><br>**ORDER** |

Before the Court is Plaintiff R. Michael Price's motion to compel discovery pursuant to Federal Rule of Civil Procedure 37(a). (Doc. 50). Price requests an order directing Defendant US Bank to produce unredacted copies of four documents. US Bank asserts the redacted portions contain communications that are protected under attorney-client privilege. US Bank provided the Court unredacted copies of the documents for in camera review. (Doc. 56). The Court has reviewed the documents in camera.

In civil proceedings, state law determines whether communications are privileged. Fed. R. Evid. 501. The Montana Supreme Court has adopted the Ninth Circuit's test to determine whether the attorney-client privilege applies: (1) where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in

confidence; (5) by the client; (6) are at this instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) unless the protection be waived. *State es re. U.S. Fidelity & Guaranty Co v. Second J. Dist. Ct.*, 783 P.2d 911, 914 (Mont. 1989) (citing Mont. Code Ann. § 26-1-803 and *Admiral Ins. v. U.S. Dist. Court for Dist. of Ariz.*, 881 F.2d 1486, 1492 (9th Cir. 1989)). Because corporations can seek and receive legal advice only through individuals acting on behalf of the corporation, the privilege may apply to communications made by corporate employees. *Upjohn v. United States*, 449 U.S. 383, 394-397 (1981).

Situations may arise where the privilege applies to communications between non-lawyer employees which relate to legal advice sought or obtained on behalf of the corporation. In *United States v. ChevronTexaco Corp.*, the district court identified two types of communications between non-lawyer employees to which the privilege applies. The first category is communications between non-lawyer employees wherein the employees discuss or transmit legal advice given by counsel. 241 F.Supp.2d 1065, 1077 (N.D. Cal. 2002). The second category is communications between non-lawyer employees wherein the employees discuss their intent to seek legal advice about a particular issue. 241 F.Supp.2d at 1077. The district court analogized the second category to a client making notes in preparation for a meeting with a lawyer. 241 F.Supp.2d at 1077. The party

asserting the privilege bears the burden of proving the privilege applies. *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010).

Here, the Court finds some of the redacted communications are privileged and some are not. The redacted portion of Doc. 51-2 is privileged because it is a communication relaying advice of counsel. The redacted portions of Doc. 51-3 are privileged because they are communications relaying litigation strategy. The redacted portions of Doc. 51-4 are not privileged because they merely reference attorneys, rather than relaying any advice. The redacted portions of Doc. 51-5 are privileged because they are communications which both relay advice from counsel and provide information for the purpose of obtaining advice from counsel.

Therefore, US Bank is ordered to produce an unredacted copy of Doc. 51-4. US Bank does not have to produce unredacted copies of the other documents. Each party shall bear its own fees and costs because the motion is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C).

Dated this 31st day of July, 2018.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge

3